1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERNESTO ESPINOSA,

11           Plaintiff,              No. CIV S-08-1168 FCD GGH P

12       vs.

13   ARNOLD SCHWARZENEGGER, et al.,

14           Defendants.            ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $198.96 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23  standard, the court must accept as true the allegations of the complaint in question, Hospital

24  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26  McKeithen, 395 U.S. 411, 421 (1969).

1     Plaintiff alleges that has been informed that he will be transferred to an out-of-

2     state prison.  Plaintiff alleges that this transfer would violate several of his constitutional rights.

3     Plaintiff alleges that his transfer to an out-of-state prison violates his right to due

4     process.  However, prisoners have no constitutional right to be housed at a particular prison.

5     Meachum v. Fano, 427 U.S. 215, 224 (1976); Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976).

6     Accordingly, this claim is dismissed as legally frivolous.

7     Plaintiff alleges that his transfer to an out-of-state prison violates the Eighth

8     Amendment.  "After incarceration, only the unnecessary and wanton infliction of

9     pain...constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley

10    v. Albers, 475 U.S. 312, 319 (1986).  Prisoners challenging the conditions of their confinement

11    under the Eighth Amendment must show "deliberate indifference" by the responsible officials.

12    Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991).

13    Transferring plaintiff to an out-of-state prison in and of itself does not constitute

14    cruel and unusual punishment in violation of the Eighth Amendment.  Accordingly, this claim is

15    dismissed as legally frivolous.

16    Plaintiff alleges that his transfer to an out-of-state prison will violate his right to

17    access the courts.  The Supreme Court held that the right of access to the courts requires prison

18    authorities to provide prisoners with the "capability of bringing contemplated challenges to

19    sentences or conditions of confinement before the courts."  Lewis v. Casey, 518 U.S. 343, 356

20    (1996).

21    In the complaint, plaintiff alleges that if transferred out-of-state, he will not be

22    allowed to litigate his criminal case because prisons in other states do not have California law

23    books.

24    Plaintiff "overlooks the fact that a number of local prison systems either provide

25    access to foreign state casebooks or engage in an interlibrary loan system that provides a plethora

26    of material outside of the immediate library compilation."  Chen v. Tilton, CIV S-07-1780 WBS

1 GGH P, 2007 WL 2695299 * 2 (E. D. Cal. 2007), opinion by the Honorable William B. Shubb,

2 citing <u>McElyea v. Babbitt</u>, 833 F.2d 196, 199 (9th Cir. 1987)(noting that inmates in the Arizona

3 State Prison may request a variety of books through prison's interlibrary loan services).

4 In <u>Chen</u>, Judge Shubb also found that the Tallahatchie County Correctional

5 Facility in Mississippi, where the plaintiff in <u>Chen</u> was transferred, had an interlibrary loan

6 system that made available to inmates a vast series of CD-ROMS containing out-of-state rules,

7 including California's Court Rules, Deering's California Codes Annotated, and West's Annotated

8 California Codes.  <u>Id.</u>

9 States need not supply every inmate with a law library, as long as they supply a

10 reasonable alternative to assure meaningful access.  <u>Id.</u> at *3, citing <u>United States v. West</u>, 557

11 F.2d 151, 152-53 (8th Cir. 1977)(per curiam).  One such reasonable alternative is the assistance

12 of appointed counsel.  <u>Id.</u>, citing <u>Bounds v. Smith</u>, 430 U.S. 817, 830-31 (1977).  Thus, where an

13 inmate has access to a court appointed attorney, that inmate is deemed to have sufficient access

14 to the courts.  <u>Id.</u>, citing <u>Bounds v. Smith</u>, 430 U.S. at 830-31.

15 In the instant case, plaintiff does not allege whether he is represented by counsel

16 in his criminal appeal.  If he is, then he can state no claim for violation of his right to access the

17 courts.  Accordingly, this claim is dismissed with leave to amend.  If plaintiff files an amended

18 complaint raising a claim for violation of the right to access the courts, he must address whether

19 he is being represented by counsel in his criminal appeal.  If plaintiff is not being represented by

20 counsel, he must address the discussion above regarding his access to interlibrary loan programs

21 and CD-ROMS containing California rules, etc.

22 Plaintiff also alleges that he will not be able to pursue his emergency appeal

23 within the California Department of Corrections and Rehabilitation regarding the legality of his

24 transfer if he is transferred out of state.  Plaintiff's right of access to the courts does not include

25 the right to pursue administrative grievances.

26 /////

1        Plaintiff also alleges that his transfer to an out-of-state prison violates the

2   Thirteenth Amendment.  The Thirteenth Amendment's prohibition of slavery does not apply to

3   the imprisonment of a person lawfully convicted of a crime.  See U.S. Const. Amend. XIII.

4   Plaintiff's Thirteenth Amendment claim is legally frivolous.

5        If plaintiff chooses to amend the complaint, he must demonstrate how the

6   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9   there is some affirmative link or connection between a defendant's actions and the claimed

10  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

11  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

12  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

13  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading.  This is

17  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22       In accordance with the above, IT IS HEREBY ORDERED that:

23       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  Plaintiff is assessed an initial partial filing fee of $198.96.  All fees shall be collected and paid in

26  accordance with this court's order to the Director of the California Department of Corrections

1  and Rehabilitation filed concurrently herewith.

2           3.  The complaint is dismissed for the reasons discussed above, with leave to file

3  an amended complaint within thirty days from the date of service of this order.  Failure to file an

4  amended complaint will result in a recommendation that the action be dismissed.

5  DATED:  07/22/08

                                                /s/ Gregory G. Hollows

6

7                                             GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE

8  esp1168.b

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26