IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO ESPINOSA,

        Plaintiff,                        No. CIV S-08-1168 FCD GGH P

    vs.

ARNOLD SCHARZENEGGER, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 28, 2008, plaintiff filed his complaint raising claims alleging that his transfer to an out-of-state prison violated his constitutional rights. On that day plaintiff also filed a request for an emergency order to stop his transfer. The court construes this motion as a request for injunctive relief. For the following reasons, this motion should be denied.

        The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative

1

tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

Plaintiff alleges that his transfer violates his right to due process, his right to access the courts, and the Eighth and Thirteenth Amendments.  In the order issued separately addressing the complaint, the court found that plaintiff's claims alleging violations of his right to due processs and the Eighth and Thirteenth Amendments were legally frivolous.

The court rejected plaintiff's due process claim because prisoners have no right to be housed at a particular prison.  See Moody v. Fano, 427 U.S. 215, 224 (1976); Moody v. Daggett, 429 U.S. 78, 87 (1976).  The court found that plaintiff's Eighth Amendment claim was legally frivolous because transferring a prisoner to an out-of-state prison in and of itself did not constitute cruel and unusual punishment.  Whitley v. Albers, 475 U.S. 312, 319 (1986) (the Eighth Amendment prohibits the unnecessary and wanton infliction of pain).  The court also rejected plaintiff's Thirteenth Amendment claim because the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime.  See U.S. Const. Amend. XIII.

/////

As for plaintiff's claim alleging violation of the right to access the courts, the court could not determine whether plaintiff stated a colorable claim for relief. Plaintiff alleged that his transfer to an out-of-state prison would interfere with his ability to pursue his criminal appeal. Plaintiff did not allege, however, whether he was represented by counsel in this appeal. The court found that if plaintiff were represented by counsel, he failed to state a colorable claim for violation of his right to access the courts. See Chen v. Tilton, CIV S-07-1780 WBS GGH P, 2007 WL 2695299 * 2 (E.D. Cal. 2007), opinion by the Honorable William B. Shubb, citing Bounds v. Smith, 430 U.S. 817, 830-831 (1977) (where an inmate has access to an appointed attorney, the inmate is deemed to have sufficient access to the court).

If plaintiff were not represented by counsel, the court directed plaintiff to address his access to interlibrary loan programs and CD-ROMS containing California rules, etc. See Id. at *2 (generally addressing prisoner's access to legal materials following interstate transfers and access to California legal materials following transfer to Tallahatchie County Correctional Facility in Mississippi).

For the reasons stated in the order dismissing the complaint with leave to amend, the court finds that plaintiff has not demonstrated a fair chance of success on the merits of his claims. Accordingly, plaintiff's motion for an order stopping his transfer to an out-of-state prison should be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 28, 2008, motion for an emergency order stopping his transfer to an out-of-state prison, construed as a motion for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | DATED:  07/22/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7 | esp1168.56